HUTCHISON & HOEY, INC., and BERNARD KLEITZ, *vs.* LAURENCE TOBIN.

(*July* 1, 1927.)

RICE and RODNEY, J. J., sitting.

*James I. Boyce* for plaintiffs.

*E. Ennalls Berl* for defendant.

Superior Court for New Castle County, No. 48, March Term, 1927.

RODNEY, J., delivering the opinion of the Court:

The original statute 4145 of the Code did not provide for any appearance except by giving bond and releasing the attachment.

After the case of *Morgan v. Ownbey*, 6 *Boyce* (29 *Del.*) 379, 100 *A*. 411, *Section* 4145 was amended by *Chapter* 258, *vol.* 29, *Laws of Delaware*, *p.* 844, by which it was provided that after 1918 the defendant in any foreign attachment might cause an appearance to be entered at any time before judgment by default. In that statute a petition to the Court for leave to enter an appearance is not required nor is any power given to the Court to impose any terms upon such appearance without security to discharge the attachment.

In 1923 *Section* 4145 was again amended making it necessary that the consent of the Court or a Judge be obtained before the entry of appearance without security and that this consent be based upon a petition showing good cause therefor as set out in the statement of this case.

We think the petition to be filed by the defendant to be allowed to enter an appearance without security should be duly

verified; that it should show some good cause for the appearance without security, such as the inability to give such security or state facts from which the hardship of such requirement would be apparent. And that the defendant shall show that he has a defense in law to the action of the plaintiff but not, necessarily, with the same particularity as required by an affidavit of defense.

We think also that under certain circumstances terms should be imposed upon such entry of appearance without security. Where the attached property is specific personal property or real estate within this state information concerning such property is not ordinarily necessary as the property is in *custodia legis*. Where, however, the attached property is corporate stock such information may be highly desirable. We appreciate that in many cases the certificate of stock cannot be desposited in Court by the defendant, but where the attached property is shares of corporate stock we think certain terms may properly be imposed by the Court. These terms would ordinarily include that the defendant should state as accurately as possible (1) the ownership of the stock attached, (2) the names and addresses of any persons or corporations holding any rights in such stock by pledge or otherwise together with the dates upon which said rights accrued and (3) the present location of the certificate representing the shares attached.

These conditions may properly be met in the petition itself so that all the requirements of the appearance may be determined by the petition and order thereon.

Where the petition shows that the certificate of stock is in the possession of the defendant, unpledged and without any outstanding interest therein the Court may, in a proper case, further require the production and deposit of such certificate subject to the further order of the Court.

The petition heretofore filed in this cause by the defendant not complying with the view herein expressed such petition is refused with liberty to the defendant to file a new petition in compliance herewith.